Oontraots; interpretation; liquidated damages. — Plaintiff entered into a fixed-price contract for construction of Air Defense Command Dispersal Facilities at Clinton County Air Force Base, Ohio. In this suit plaintiff seeks review under Wunderlich Act criteria of the decision of the Armed Services Board of Contract Appeals, Counts I, II and III of the petition being based on disputed interpretations of contract provisions and specifications. In Count I plaintiff claims that the fill material placed under the floor slabs of the aircraft shelters should be separately charged rather than included as part of the cost of erection of the buildings. In Count II plaintiff claims additional compensation for the cement used in the construction of the concrete floor slabs in the shelters. In Count III plaintiff claims additional compensation for concrete and cement used in taxiway and apron pavement for airplane traffic. In Count IV plaintiff seeks remission of liquidated damages, contending that the disputed transactions involve changes, modification, stoppages of work and delays from allegedly unforeseeable causes that were beyond plaintiff’s control and without its fault or negligence; Count IV also includes monetary claims for voluntary and directed acceleration costs and for extended overhead costs, as well as claims on behalf of plaintiff’s electrical and mechanical sub *749 contractors. On July 17, 1972 Commissioner Kenneth E. Harkins filed an opinion in which he concluded: as to Count I that a reasonable interpretation of the contract specifications indicated that the fill underneath the floor slabs is a capillary water barrier to be included in the unit price of the building under which it is placed, that the unit price for the building was intended to include all site preparation necessary to erect the building, and that accordingly plaintiff is not entitled to additional compensation; as to Count II, that the use of the term “floor slab” in the contr act specifications shows that the concrete and cement used in the aircraft shelter floor slabs was part of the unit price of the shelter; as to Count III, that the contract specifications appear to have been followed in all particulars as to the measurement of the concrete and cement, and that this claim must be denied; as to the claims of Count IV, involving questions of fact, that were denied by the contracting officer and the Board, the commissioner accorded finality to the Board’s findings since plaintiff failed to specify the particulars in which the Board was in error, and also concluded that there is no basis in the record to support plaintiff’s contention that the Board’s action was arbitrary or capricious or not supported by substantial evidence. The Commissioner recommended that plaintiff’s motion for summary judgment be denied, defendant’s cross-motion be granted and the petition be dismissed. Upon consideration of the parties’ motions and the commissioner’s opinion and recommended conclusion, the court, by order of January 29, 1973, adopted the commissioner’s opinion and recommended conclusion as the basis for its judgment in this case, and concluded that plaintiff is not entitled to recover. The court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.