Pleading and practice; commencement of suit; clerk’s refusal to docket petition; identity of claim with that asserted in dismissed petition. — On March 28, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This case, as yet unfiled, is before the court on plaintiffs request for an order directing the clerk of the court to docket the suit. The clerk has refused to accept the petition pursuant to our order of April 27,1979, directing him not to accept any further filings from plaintiff seeking relief related to claims that this court rejected in Robert Simmons Construction Co. v. United States, No. 213-70. Plaintiff, a corporation, also requests that it be allowed to proceed pro se.
The claims in the petition stem from a 1964 construction contract with the government. That contract was the subject of a fully-litigated case in this court, which ended in dismissal of plaintiffs petition. Robert Simmons Construction Co. v. United States, 200 Ct. Cl. 748 (1973). In that case plaintiff sought review under the Wunderlich Act of a *702 decision of the Armed Services Board of Contract Appeals. In the current petition plaintiff seeks a trial de novo on a breach-of-contract theory. The substantive claims are the same in both cases, however.
Following our 1973 decision, plaintiff sought rehearing or reconsideration seven times. We denied all those requests, and in the latest order of April 27, 1979, we included the direction to the clerk not to accept any further filings by plaintiff.
Although the claims plaintiff now seeks to assert are for alleged breach of contract rather than review of the Board of Contract Appeals decision, the present claims in substance are the same as those that we rejected in the earlier litigation. All of them were resolved against the plaintiff in that prior case. The clerk, therefore, correctly refused to file the plaintiffs latest petition because it related to the claims for relief that we previously dismissed.
The plaintiffs motion for an order directing the clerk to file its petition is denied.